### GREEN v. HEINZ-WANDNER X-RAY TUBE CO.

(Circuit Court, N. D. Illinois. E. D. August 4, 1911.)

No. 30,411.

PATENTS (§ 328*)—INFRINGEMENT—VACUUM TUBES.

The Sayen patent, No. 594.036. for an improvement in high vacuum or Roentgen ray tubes, claims 2 and 3 *held* infringed on a motion for preliminary injunction.

In Equity. Suit by Henry Green against the Heinz-Wandner X-Ray Tube Company. On motion for preliminary injunction. Granted.

‡For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Linthicum, Belt & Fuller (H. E. Hart, of counsel), for complainant.
Offield, Towle, Graves & Offield (James R. Offield, of counsel), for defendant.

KOHLSAAT, Circuit Judge. Complainant moves for an injunction in limine restraining defendant from infringing claims 2, 3, 4, 5, 6, and 7 of patent No. 594,036, granted to Queen & Co., assignees of Henry L. Sayen, on November 23, 1897, for an improvement in high vacuum or Roentgen ray tubes, on application filed April 29, 1897, and the invention was carried back by Sayen to February 15, 1897.

Claims 2 and 3 of the patent in suit were sustained by this court in Queen & Co. v. Friedlander & Co. et al. (C. C.) 149 Fed. 771, as also in several other suits in other districts. It was there held that the Siemens & Halske German patent No. 91,025 and the Swiss patent to Zehnder, published March 15, 1897, could not avail as against that in suit. The claim of defendant's counsel that these patents are a part of the prior art to the extent that they may be used to limit or narrow the claim of the Sayen patent is not deemed supported for the purposes of this hearing. Here, the patent to Sayen is assumed to be valid for what it purports to cover.

Defendant's device differs from that of Sayen only in the length of its spark-gap and in its unadjustableness. It is a fixed terminal on a fixed regulating terminal. When it operates at all, it operates just as Sayen's device does, and can be read upon claims 2 and 3 of the Sayen patent, giving a fair construction to the word, "proximity," in those claims. It is a device for automatically regulating high vacuum tubes. The record as presented fully sustains such conclusion. Whether defendant can on final hearing dispel this conviction of the court seems doubtful. At any rate, it is deemed amply supported by the showing now made.

The temporary injunction is granted.